## Jordon v. Commonwealth.

(Decided May 22, 1923.)

### Appeal from Barren Circuit Court.

1. Criminal Law—Evidence Obtained by Looking Through Open Door While on Premises to Execute Invalid Search Warrant is Incompetent.—Where officers went upon the premises of acused to execute a search warrant, which was invalid because the affi-

davit on which it was issued was insufficient to warrant a finding of probable cause, the officers were wrongdoers, and evidence obtained by them by looking through the open door of a smokehouse is as much incompetent as that obtained by their subsequent entry of the house of defendant by virtue of the warrant.

2. Searches and Seizures—Constitutional Immunity Extends to Premises and Possessions of Citizens.—The immunity from unlawful search and seizure, guaranteed by the state and federal Constitutions, extends, not only to the person and home of the citizen, but also to his premises and possessions.

3. Criminal Law—Evidence Obtained Under Invalid Search Warrant is Incompetent.—Evidence obtained by officers while acting under the claimed authority of an invalid search warrant is not competent against one accused of crime.

C. H. HATCHETT for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and PAUL GREER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Cal Jordan, was indicted, tried and convicted in the court below of the offense of unlawfully having in his possession an illicit still, and his punishment fixed by verdict of a jury and judgment of the court at a fine of $100.00 and confinement of three months in jail. The refusal to him of a new trial resulted in this appeal.

It appears from the bill of evidence that his home and premises were visited by officers of the law, armed with an invalid search warrant, for the purpose of ascertaining by a search thereof whether he was unlawfully in possession of such a still or unlawfully engaged in the manufacture of intoxicating liquors. After entering the appellant's yard the officers discovered, as they testified, smoke, proceeding from a smoke house, which stood immediately behind the dwelling house occupied by the appellant and his family. Approaching the smoke house they found the door open and by looking through the doorway discovered a still in operation in the building, from the fire of which arose the smoke they had previously seen. Entering the smoke house they saw that moonshine whiskey was being made on the still and found near it mash for use in the manufacture of such liquor. They then left the smoke house and entered and searched the appellant's dwelling house, where they found another and unused still under the bed. This was followed by the

arrest of the appellant by the officers, their seizure of the still found under the bed and the destruction of the one in the smoke house.

On the trial of the appellant the court, over his objection, admitted as competent the testimony of the officers in regard to the discovery of the still in the smoke house, but, on the appellant's motion, excluded that as to the discovery of the still in the dwelling house. The latter ruling was clearly authorized, as the search warrant under which the dwelling house was entered and searched was manifestly invalid, because of the insufficiency and consequent invalidity of the affidavits upon which it was issued, the statements of which tested by the provisions of the state Constitution, section 10, and rule announced in Colley & Crawford v. Commonwealth, 195 Ky. 706; Price v. Commonwealth, 195 Ky. 711, and other cases, wholly failed to set forth such facts as furnished reasonable grounds or probable cause for the issuance of the search warrant. As the insufficiency of the affidavits to authorize the issuance of the search warrant is admitted by counsel for appellee, discussion of their contents is unnecessary. It follows from what has been said that the trial court did not err in holding the search warrant invalid, nor in holding incompetent the evidence respecting the finding of the still in the dwelling house. The court's admission of the evidence as to the discovery of the still and its appurtenances in the smoke house, was based upon the theory that as the discovery of that still was first made by the officers through the open doorway and before entering and searching the smoke house, such discovery should be regarded as having been effected without the use of the invalid search warrant, which rendered the facts relating to the discovery of the still competent as evidence. This ruling of the trial court and its subsequent overruling of the appellant's motion, made at the conclusion of the evidence, for an instruction peremptorily directing his acquittal of the offense charged by verdict of the jury, are the errors assigned for the reversal of the judgment of conviction.

If the question raised by the appellant's complaint of the ruling of the trial court in admitting against him as competent evidence the testimony of the officers concerning their discovery of the still in his smoke house were one of first impression, our reluctance to reach the conclusion regarding it we now declare would be greater than it is. The question, however, is not a new one in

this jurisdiction, for it was considered and passed on by us in the recent case of Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 938. In that case the facts substantially were that officers of the law, who suspected the defendant, Mattingly, of being unlawfully engaged in the manufacture or sale of intoxicating liquors, after procuring a search warrant based on insufficient affidavits, went to his home for the purpose of ascertaining by a search of the premises, under color of the warrant, whether he was unlawfully engaging in the illicit work or business mentioned. Upon entering his premises they approached a tenant house thereon of which Mattingly had possession, but before forcibly entering the building the officers by looking through a window thereof, as well as by later entering the building, obtained information of the facts, upon proof of which he was subsequently convicted of the offense of unlawfully having in his possession a moonshine still. On the trial of Mattingly the court admitted as competent evidence the information the officers obtained both by looking through the window and entering the building, but later excluded that obtained by their entrance into the building.

On appeal it was insisted for the Commonwealth that the testimony of the officers concerning what they discovered in the building by looking through the window was, at least, competent evidence and, therefore, properly admitted, and being sufficient of itself to sustain the conviction, the judgment should be affirmed. But following its showing of the insufficiency of the affidavits upon which the search warrant was issued and the consequent invalidity of the warrant, the court overruling the contention of the Commonwealth referred to and declaring incompetent as evidence the officers' testimony respecting the information obtained by looking through the window, as well as that obtained by their entrance into the building, said:

"If the latter evidence was competent, it is doubtful whether that which was given, but afterwards excluded, and which was much more conclusive and convincing, so influenced the jury as to render the judgment erroneous. But whether so or not, the witnesses who looked through the window and thereby obtained the information which the court declined to exclude, were at the time engaged in searching defendant's tenant house located in an inclosure not far from his residence, and the search may be made from the outside of the house as well as by going into it.

In other words we mean to say that the officers were wrongfully upon the premises of appellant and wrongfully searching his possessions at the very time they looked through the window and obtained the information which is now claimed to be competent.''

Obviously, the conclusion expressed by the court in the opinion of the case, *supra,* is conclusive of the question under consideration in the case at bar. Emphasis should be given the fact that the immunity from unlawful search and seizure guaranteed by the state and Federal Constitutions extends, not only to the person and home of the citizen, but also to his premises and possessions. And it is not to be overlooked that the mission upon which the officers invaded the appellant's premises, which was that of search and seizure, was from the beginning unlawful because of the invalidity of the search warrant under which they claimed the authority to act. Therefore, from the time they entered his premises and began thereon the search which resulted in the discovery of the two stills, their efforts to obtain by any method they may have employed in furtherance of their investigations, evidence to prove the appellant's guilt of an offense of which he was suspected and later charged, were unlawful and the evidence thus obtained incompetent for use against him on his trial. And this would seem to be true, whether the evidence were obtained by a forcible entrance of the building by the officers or discovered by their inspection of its interior through a window thereof or its door which chanced, at the time, to be unclosed. So, there is nothing in the facts of the case at bar that, upon principle, can be said to differentiate it from that of Mattingly v. Commonwealth, *supra.* In this case, as in that, the search made of the defendant's premises by the officers was unlawful because of the invalidity of the search warrant, which fact, under the repeated rulings of this court, rendered incompetent as evidence such information of the defendant's guilt as may have been obtained during the progress and by means of the search. And the further fact that such part of the information as was admitted as evidence in this case was obtained by an inspection on the part of the officers of the interior of appellant's smoke house through the open door of the building, could no more have had the legal effect to render competent as evidence against the appellant the information thus obtained, than if it had been discovered by making the in-

spection through the window, which it was declared in the Mattingly case did not make it competent as evidence.

This case is in no way akin to that of Bowling v. Commonwealth, 193 Ky. 642, in which evidence of the discovery by officers, without a search warrant, of an unenclosed still in the defendant's possession and its operation by him, was held competent. But that evidence was declared competent and its admission sustained, upon the ground that as the defendant did not own the land on which the still was discovered, nor was shown to be an occupant thereof with the owner's consent or knowledge, neither the acts of the officers in searching for, discovering and seizing the still and making the arrest, though effected without a search warrant, nor the evidence thereof, came within any inhibition of section 10, Bill of Rights, Kentucky Constitution, or similar provision of the Federal Constitution. The reasons supporting this conclusion of the court are, in part, stated in the opinion as follows:

"Furthermore, there was nothing in the evidence that showed any right in the appellant to occupy the land with his still. It is therefore apparent that he himself was a *quasi,* if not an actual trespasser on the land engaged in an unlawful enterprise or business. So if it be conceded that under other circumstances his still would have been exempt from search or seizure without a warrant authorizing it, in the situation presented by the evidence he was not entitled to the exemption. . . . The position of the appellant was similar to that of a bootlegger in possession of contraband whiskey so exposed to view that its possession by him and character could be discovered by a casual look from a passerby. The still and its operation were exposed to the view of any person that might chance to see it and, therefore, exposed and discovered itself. The appellant had no greater right to operate the still on the land than had the officers of the law to enter it, hence the possession of a search warrant by them was unnecessary. It should further be remarked that the unlawful operation of the still by the appellant was seen by the officers and, therefore, as his violation of the statute constituted an offense committed in their presence, they had the authority to arrest him and seize the still and appliances without a warrant."

In the case at bar the position of the appellant, both with respect to the officers and the premises invaded and searched by the latter, was wholly unlike that of the de-

fendant Bowling in the case, *supra*. Instead of his being a trespasser, as was Bowling, the appellant was the owner or, at any rate, rightfully in possession of the premises occupied by him, and as the failure of the officers to provide themselves before entering his premises with a search warrant that, both by its terms and the sufficiency of the sworn information upon which it was issued, so substantially met the requirements of the law as to confer upon them complete authority to search the same, its attempted execution by them was wrongful and, therefore, in the eyes of the law, a trespass.

As such is our conclusion, we are constrained to hold that the ruling of the trial court in holding competent and admitting against the appellant, over his objection, the evidence, or any part thereof, respecting the discovery by the officers of the still in the smoke house, was reversible error. And as its exclusion would have left no evidence of the appellant's guilt to go to the jury, it follows that the trial court's refusal of his request for a directed verdict of acquittal, raised by his second contention, was also error. While it is disappointing that violators of the prohibition enforcement laws too often escape conviction and punishment, where the escape results, as in this case, from the failure of officers particularly entrusted with the enforcement of those laws to obey mandatory provisions of the Constitution of the highest importance to the most sacred rights of the citizen, the blame for such escapes must fall upon them. For the reasons indicated the judgment is reversed and cause remanded for a new trial not inconsistent with the opinion. The whole court, except Judge McCandless, sitting.