## J. J. DIXON v. THE STATE.

No. 11255.   Delivered February 1, 1928.

1.—Possessing Intoxicating Liquor—Evidence—Not Secondary—Properly Received.

Evidence of the sheriff as to liquor found in appellant's house was primary evidence, and this court cannot agree that such evidence was secondary, the liquor itself being the best evidence. Evidence that a defendant shot and killed another would surely be proper without producing the dead body of the deceased in court as the primary evidence.

2.—Same—Bill of Exception—Qualification of Court—Improper—Should Be Avoided.

Where a bill of exception complains of the insufficiency of an affidavit for a search warrant, and such bill is qualified by the trial judge with the statement: "Examined, found correct, and approved by me as a part of the record in this cause on the —— day of July, A. D. 1927, but the facts recited are not approved as true, except as reflected by the record." Such qualification is altogether improper and in violation of the rules of this court and our statute that a bill of exception within itself must show the facts. It is to be hoped that such qualifications will be avoided.

3.—Same—Affidavit for Search Warrant—On Information and Belief— Held Insufficient.

Where an affidavit for a search warrant is made entirely on information and belief, and states no facts of any character whatever, same is insufficient.

4.—Same—Statement of Accused—When Res Gestae—Admissible.

Statement made to the officers by the accused at the time of the discovery of the liquor, relative to its ownership, was part of the res gestae, and properly admitted.

5.—Same—Consent to Search—Not Shown.

Where appellant, when informed by the officers that they had a search warrant, under which they purposed to search his home, said nothing further than "All right, go ahead," it cannot be held that thereby he waived irregularities in the search warrant, or to have given his consent to the search without warrant.

6.—Same—Impeaching Appellant—Indicted for Other Offenses—Properly Admitted.

Where appellant testified in his own behalf it was proper, for the purpose of impeachment, to permit the State to prove by him, on cross-examination, that he had been indicted for a number of felonies within the past eighteen months.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*J. J. Collins* and *R. C. Musslewhite* of Lufkin, for appellant. On insufficiency of affidavit for search warrant appellant cites: Byars v. U. S., 273 U. S. 28; Chapin v. State, 296 S. W. 1095; Green v. State, 296 S. W. 1109; Peppers v. State, 296 S. W. 1108; Veeder v. U. S., 252 Fed. 414.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts disclosed by the record amply supported the judgment of guilty.

The record contains sixteen bills of exception. The first sets out an objection made to the testimony of the sheriff to the effect that he found seven gallons of liquor and one hundred and twenty-nine bottles of beer in appellant's house, the objection being that said articles found were in the possession of the sheriff and should have been produced before the jury, and that his testimony was secondary evidence. We do not agree with this contention. We do not think the man who testifies that he found a horse must produce the horse before the jury before his testimony will be received.

In his second bill of exceptions appellant makes the point that the testimony of the finding in his house of certain liquor was objectionable because the search warrant under which the officers were operating was not issued in compliance with law in that the affidavit upon which said search warrant was based was defective and insufficient for the reason that same merely stated that the affiants had good reason for believing and did believe that defendant possessed intoxicating liquor, and did not state the facts. This bill of exceptions, in common with others in the record, is approved with the following statement:

"Examined, found correct, and approved by me and ordered filed as a part of the record in this cause on this the —— day of July, A. D. 1927, but the facts recited are not approved as true except as reflected by the record."

A bill of exceptions so approved imposes a great burden upon this court, and one that it has expressly declined to assume when imposed by the parties. Such a qualification compels this court to search through the statement of facts and the other parts of the record in order to ascertain whether the facts stated by the appellant in the bill of exceptions are true or not. Such practice

if uniformly adhered to would entirely nullify the rules of this court requiring that the facts upon which the appellant relied to demonstrate the error of a bill of exceptions, should be set out, otherwise the bill would be held insufficient. It is to be earnestly hoped that such qualifications will be avoided. This does not apply when the reference is to some specific part of the record. In passing on the bill now before us, we are compelled to look to the statement of facts and other parts of the record. We there find the affidavit for search warrant, examining which we observe it is made entirely on information and belief and states no facts of any character whatever. This necessitates our holding that the action of the court in overruling the objection of the appellant was erroneous.

There is a bill of exceptions complaining of the fact the court permitted an officer to testify to a statement made by appellant concerning the ownership of the liquor, said statement being made when the liquor was found. In our opinion the statement made was a part of the res gestae of the transaction, and its admission presents no error.

Another bill of exceptions complains of a statement made by the defendant deemed by the State to raise the issue of his consent to the search. We are of opinion that one who is informed by the officers that they have a search warrant under which they propose to search his house, who says nothing further than "All right, go ahead," can not be held to thereby waive irregularities in the search warrant, or to have given his consent to the search without warrant. Bill of exceptions No. 5 presents the same question as the second bill above discussed. It is qualified by the same qualification, and reference to the record discloses the fact that the affidavit is insufficient under the opinions of this court.

There is a bill of exceptions complaining of the fact that the State was permitted to ask appellant when a witness on stand if he had not been indicted for a number of felonies within the last eighteen months. In our opinion the testimony was properly received. Appellant was a witness and this made his reputation an issue. That one has been indicted within a reasonable length of time prior to his taking the witness stand, for felonies or offenses involving moral turpitude, is a matter proper to be shown.

There are bills of exception complaining of argument of the County and District Attorneys. The case will have to be reversed, and it is likely such argument will not occur upon another trial.

We find complaints of the charge of the court, but are of opinion that same are not well founded.

For the error discussed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*