F. M. MONROE v. THE STATE.

No. 11770.   Delivered June 20, 1928.

The opinion states the case.

*J. J. Collins* and *R. C. Mussilewhite* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant has a number of bills of exception, each raising in a different way the legality of the search of appellant's house and out-houses, resulting in the finding of a quantity of intoxicating liquor. It seems to have been admitted that the affidavit for search warrant, on which the warrant had by the officers was based, was insufficient because made on information and belief. In the view of the learned trial judge before whom this case was tried, the testimony of said officers was held admissible upon the theory that the accused and his wife waived their right to object to such search. We are unable to accede to the correctness of this view. The officers informed appellant and his wife of the fact that they had a search warrant. After being so informed appellant and his wife apparently, at least according to the testimony of the officers, told them to go ahead and search. The court submitted to the jury the question of the waiver of appellant's objection to such search, instructing them that unless they believed beyond a reasonable doubt that appellant agreed to the search, they could not consider the testimony of the officers. We have no reason to believe ourselves in error in what we said in Dixon v. State, 2 S. W. (2d) 272. See also Smith v. State, 232 S. W. Rep. 811; Duncan v. State, 236 S. W. Rep. 468. We do not believe that one who is informed by the officers that such officers are in possession of and armed with a search warrant, who then tells the officers that they may go ahead and search, puts himself in the attitude of one who can be held, in the estimation of the jury, to have thus waived his legal objection to such search. Believing the court erred in admitting this evidence, and that such error was material, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*