(117 So. 640)

## JOUBERT & GOSLIN MACHINE & FOUNDRY CO. v. ATCHLEY. (6 Div. 174.)

Supreme Court of Alabama. June 28, 1928.

W. P. McCrossin and Thos. J. Judge, both of Birmingham, for appellant.

J. Q. Smith and B. F. Smith, both of Birmingham, for appellee.

ANDERSON, C. J. There was evidence from which the jury could find that one Johnson, the defendant's superintendent, searched the plaintiff's house in an effort to find and recover tools belonging to the defendant and that the search was unlawful; that is, without a warrant. There was also a conflict in the evidence as to whether or not the search was made upon the invitation or with the consent of the plaintiff, and the court, in effect, instructed the jury to find for the defendant as to count 1 if the plaintiff consented to the search, but the jury by their verdict, in effect, found that he did not consent. The defendant, however, contends for error in the refusal of its general charge as to count 1, upon the theory that the conduct of Johnson was not within the line or scope of his authority when making the search; that he had left the plant upon his own private business. True, the defendant's evidence shows that Johnson and his companion were taking a ride and looking for a spring for the said Johnson's car; but in passing the plaintiff's house they discovered a vise which they thought belonged to the defendant and, after stopping to reclaim it, instituted a search for other tools which might belong to the defendant. Although Johnson may have left the plant upon a private mission, the jury could have inferred that he was acting for and in behalf of the defendant when attempting to discover and recapture its tools. We also think that the jury could infer that it was within the authority of the defendant's general superintendent of the plant to preserve and protect its tools and to reclaim or recapture same when removed. Not only was this within the prima facie duties of the superintendent, but the witness Walker testified as to Johnson:

"He was director of manufacture, general superintendent of the whole plant, and the conduct of the plant."

The trial court did not err in refusing the defendant's general charge as to count 1.

We do not think that the defendant was entitled to the general charge as to count 1 upon the idea that the complaint charges that the wrong was committed by Johnson and Walker and the proof fails to show that Walker was intrusted with authority to make the search. If Johnson had the authority, a question of fact, then called Walker to his assistance in making the search, Walker would be acting under the authority of the defendant.

While the plaintiff suffered no serious damage to estate or person, there was proof

from which the jury could infer a willful trespass and for which they were authorized to impose punitive damages, and we cannot say that the amount of the verdict was actuated by passion or prejudice. The search was not only unlawful, but carried with it a suspicion and implied accusation of a crime on the part of the plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.