Luther Jordan v. The State.

No. 12009. Delivered November 21, 1928.

The opinion states the case.

*H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for two years.

Armed with a purported search warrant officers went to appellant's residence and advised appellant's wife, in appellant's absence, that they had a search warrant and desired to search the house. They asked her if she had any objection to a search of the premises being made. She answered, "No, go ahead and search." The search of the house disclosed some quart jars containing a small amount of whiskey. Following a trail from the house one of the officers went to a field which belonged to one J. R. Jordan. This officer testified that he saw a still being operated by appellant in a pine thicket; that whiskey was running from the still; that when appellant saw him he (appellant) fled. Appellant relied upon an alibi and introduced witnesses who testified that they saw appellant at another and different place at the time the officer claimed he saw appellant at the still.

Timely objection was made to the testimony of the officers touching the result of the search of appellant's dwelling house, one of the grounds of objection being that the description of the premises contained in the affidavit and search warrant was insufficient. The learned trial judge was of the opinion that the description contained in the affidavit was insufficient, but admitted the testimony on the theory that the language used by appellant's wife indicated a consent to make the search and that therefore the irregularities in the affidavit and warrant were waived. The description of the premises was insufficient. We are unable to reach the conclusion that the remarks attributed to appellant's wife when advised by the officers that they had a search warrant show that the search was authorized by consent. Language practically identical with that used in the instant case appears in Arnold v. State, 7 S. W. (2d) 1083. In that case we held that the language used was insufficient to show a con-

sent to make the search. In Dixon v. State, 2 S. W. (2d) 272, Judge Lattimore said:

"We are of the opinion that one, who is informed by the officers that they have a search warrant under which they propose to search his house, who says nothing further than, 'All right; go ahead,' cannot be held thereby to waive irregularities in the search warrant or to have given his consent to the search without warrant."

As to the search of the field belonging to one J. R. Jordan, appellant not being interested in said property could not complain of the search thereof. McFarland v. State, 7 S. W. (2d) 955, and authorities cited.

Over timely and proper objection the state was permitted to prove by one of its witnesses that he had on a former occasion arrested appellant in Cherokee County for making whiskey. This testimony does not appear to have been within any of the exceptions to the general rule that proof of extraneous crimes is not admissible where it only shows that the accused was a criminal generally. Roark v. State, 276 S. W. 242. In his charge the court withdrew the illegal testimony from the jury. The withdrawal of said testimony did not cure the error in admitting it. Edmundson v. State, 292 S. W. 231. The penalty assessed against appellant was more than the minimum, and the error in question calls for a reversal.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.