AL LEE v. THE STATE.

No. 12470. Delivered April 10, 1929.
Rehearing denied May 8, 1929.

338

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Mr. Boyd, a witness for the State, testified positively that he bought from appellant whisky on May 25, 1928, in Houston, Texas, and that he paid seventy-five cents for same. There is testimony supporting the proposition that on the occasion of appellant's arrest he was found in possession of two half pints of liquor which he offered to sell. Appellant denied the sale.

We find in the record three bills of exception. The first complains of the testimony showing appellant in possession of liquor at the time he was arrested. Such facts were res gestae of the arrest and were pertinent as supporting the proposition of a sale by appellant to the State witness two days before his arrest. Substantially the same complaint is set out in bill of exceptions No. 2. Bill No. 3 complains of the testimony of a State witness to the effect that the defendant's general reputation for being a peaceable, law-abiding citizen was bad; also for his further statement that he had seen a petition signed by various business men of the section where appellant resided complaining of his selling whisky. Examination of the statement of facts shows that before the introduction of the witness who gave this testimony appellant had proved by witness Coston that his general reputation for being a peaceable, law-abiding citizen was good. This authorized the State to prove it bad. The bill of exceptions is qualified in reference to the other complaint by the statement of the trial court that the matters in reference to the petition mentioned, were brought out by appellant's counsel. Reference to the record makes plain the proposition that this qualification is correct.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The Jordan case, 11 S. W. (2d) 323, relied upon by appellant to sustain his motion for rehearing presents a different state of facts to those shown in the present record. We think the case was correctly disposed of originally.

The motion for rehearing is overruled.

*Overruled.*

No. 12523. Delivered April 3, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.