## CONNER *v.* STATE OF INDIANA.

[No. 24,947. Filed August 13, 1929.]

*James W. Davis,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by affidavit with unlawfully and feloniously having in his possession a certain still for the manufacture of intoxicating liquor, intended for use in violation of law. (Acts 1923, ch. 33.) The verdict upon the trial of the issue made by the plea of not guilty is that appellant is guilty as charged. Error is presented upon the action of the trial court overruling the motion for a new trial, for the reason that the

verdict is contrary to law. It is claimed under this assigned error that the verdict is not sustained by sufficient evidence.

A deputy constable, appointed, as he testified, "under the laws that go back to the Old Horse Thief Detective Association," armed with a search warrant which had been issued by a justice of the peace, went with others who accompanied him, in the daytime, to the home of appellant, and, upon knocking at the door of the house, he was greeted by appellant's wife, who was alone at home. He read the search warrant to appellant's wife, to which service of the writ, she replied, "You are welcome to search here. You won't find anything. Come right in." The appellant was working at the time in a mine, to which place the constable went after having made the search and seizure, and arrested appellant. The constable searched the kitchen of the home and found a can either in the kitchen or in a closet (he testified he found it in each of the two places). There is no evidence that the can was a part of a still, except that the constable testified that a cover and a coil he and the others found in a woods, the premises of another located fifty to 75 yards distant, fitted the can. Upon leaving the kitchen, he found two barrels under the eaves of the home of appellant, which had water in them; and that he did not know whether the water in the barrels was rain water or not, and that the water was not sour; also, that something "stuck" to the side of the barrels which looked like mash, looked like bran, but that it had no odor. He testified further that the bran was not thick enough for him to say whether it was mash or not, but that "I [the constable] insist on calling it mash."

The search warrant was introduced in evidence over appellant's objection that it was not the search warrant

that was served by reading to appellant's wife, the warrant having been altered by erasing certain parts that had been written therein in pen and ink, and substitution of other matter made by a typewriter. The objection was overruled. Upon cross-examination of the constable, he testified, "this is not the same writing that was on the search warrant when I served it," after which disclosure, appellant moved to strike out the evidence and search warrant, whereupon the court made the record, without objection, "that this (alteration) invalidates the search warrant, and instructed the jury that the search warrant is now withdrawn from the jury, and any evidence in relation to it will not be regarded by the jury." Appellee contends that the evidence is properly before the jury for the reason that the search was invited, and that the constitutional right was thereby waived. If the search was made without authority of law, it was unreasonable and unlawful, and the things searched for and seized by virtue thereof may not be considered as evidence to sustain the verdict. *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353.

The question of invitation by the wife of appellant determines the matter. The warrant was served upon her while she was alone at home by one who represented himself to be an officer. She had no ready means to determine for herself whether the warrant was valid or invalid. She merely bowed in submission to the writ in the hands of one who represented himself to be an officer. Had no warrant been issued or served upon her, but instead had the constable presented himself at the home of appellant, and requested that he be permitted to search the home and premises, without a warrant giving him that right, and without probable cause to know that a felony was being committed on the premises, and a proper invitation by the husband to search made to him, an entirely different situation and

question would be presented. But, upon the language used by the wife while under the restraint of the writ which had been served upon her, a waiver of the constitutional right, and an invitation to search and seize may not be predicated. *Meno* v. *State* (1925), 197 Ind. 16, 164 N. E. 93.

The only evidence remaining is that the constable found a cover and a coil on the premises of another person, which is most palpably insufficient to sustain ■ the verdict. The verdict is not supported by any evidence, and it is therefore contrary to law.' *Chapman* v. *State* (1901), 157 Ind. 300, 61 N. E. 670; *Luther* v. *State* (1912), 177 Ind. 619 (1), 98 N. E. 640; *Barry* v. *State* (1918), 187 Ind. 49, 118 N. E. 309.

The cause is remanded to the trial court, which is ordered to sustain appellant's motion for a new trial.

Judgment reversed.