# J. H. WOFFORD v. THE STATE.

No. 13800. Delivered December 10, 1930.
Rehearing Denied May 20, 1931.

The opinion states the case.

*L. D. Hartwell,* of Greenville, and *McKinney & Berry,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

Officers searched appellant's residence, operating under a search warrant, and found secreted in an upholstered chair seven pints of whisky. Appellant made application for a continuance in which he set up that he expected to prove by the absent witnesses that they had heard a doctor, now dead, tell appellant to get and use whisky for his rheumatism and other troubles. There was no testimony before the jury that appellant had or used whisky for medicine. We do not perceive the relevance of the absent testimony. Appellant did not take the stand or use his wife as a witness.

The state introduced only one witness, the sheriff, who testified to the finding of the whisky in appellant's house. He said that when he went into the house he told appellant that he had a search warrant, and appellant asked if witness was looking for whisky, and said "Look all you want to, you won't find any." No witness was introduced in behalf of the defense. There appears to have been no person on the place at the time of the search except appellant, his wife and the searching officers.

Bills of exception complain of the refusal of the court ot hear and act upon a motion to quash the affidavit and search warrant before requiring an announcement of ready for trial. We entertain no such practice in this state, and the refusal of the court to hear the motion was not error.

Complaint is made in two bills of exception of the refusal of the court to give peremptory instructions in favor of the defendant. The court was justified in declining same. Bills of exception Nos. 4 and 5 complain of the refusal of special charges which were manifestly upon the weight of the evidence, and presented incorrect legal principles. There is not the slightest suggestion in the record that the whisky in question belonged to appellant's wife. The trial court did not err in refusing to submit a special charge that if the jury found the whisky belonged to her they should acquit.

There is complaint also of the affidavit for search warrant. We think same in entire compliance with the statute. However this question would pass out in view of the appellant's express permission to the officer to make the search. There is complaint in one of the bills of exception of the admission of the testimony of the officer on the ground that the

warrant was not issued upon probable cause, and that the affidavit was not signed save by one person. The affidavit was signed by two persons, and in the opinion of the court the warrant was issued upon ample cause shown in the affidavit. There is complaint of the admission of the statement of appellant to the officer that he could look all he wanted to, but he would not find anything. The statement was clearly res gestae of the offense. Appellant was then in possession of the whisky, although it had not been discovered by the officer. The bill manifests no error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant again urges criticism of the affidavit upon which the warrant to search his house was predicated. After a further examination of it we fail to discover any defect as to description of property sought to be searched, nor any failure to state facts and information therein amounting to probable cause.

When the officers told appellant they had a warrant to search his house for whisky he said "look all you want to, you won't find any." An expression in our original opinion indicating that this was consent by appellant for the search is criticized as being in conflict with the holding in Dixon v. State, 108 Texas Crim. Rep., 650, 2 S. W. (2d) 272. We are inclined to think appellant is correct in his position under the facts here. See also Aguirre v. State, 109 Texas Crim. Rep., 584, 7 S. W. (2d) 75, and Monroe v. State, 110 Texas Crim. Rep., 274, 8 S. W. (2d) 133. The affirmance of the judgment, however, was not based upon a search made with consent. There was an express holding that the affidavit was legal.

The testimony appellant expected from his absent witnesses appears to be obnoxious to the rule aaginst receiving "hearsay evidence." See Corpus Juris, vol. 16, sec. 1233. Aside from this, if the witnesses had been present and their evidence received it would not likely have changed the result of the trial in the absence of any claim by appellant that his possession of the liquor was for medicinal purposes. The concealment of the liquor in an unusual place,—the bottom of an upholstered chair— smacks of possession for a conscious illegal purpose rather than a legitimate possession for medicinal use.

The motion for rehearing is overruled.

*Overruled.*