# FEBRUARY 7, 1934

WALTER BROWN V. THE STATE.

No. 16299.   Delivered February 7, 1934.
Reported in 68 S. W. (2d) 199.

The opinion states the case.

*Oscar Frink,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

The evidence discloses that in the private residence of the appellant intoxicating liquor was manufactured.   The entry of the officers was made under the following circumstances:   Several officers went to the home of the appellant.   Some went to the back door and some went to the front door.   Alexander, a policeman of the city of San Angelo, testified as follows: "When I got to the front door, I knocked on the door and Mr. Brown came to the door; and I told him I had a search warrant and was looking for a still, and he said, 'You are at the right place,' and opened the door and said, 'It is in the other room there.'"

The officers, in fact, had no search warrant.   They had a paper which they doubtless thought was a search warrant.   It was not introduced in evidence and was not relied upon, but it was conceded to be utterly void as a search warrant.

The introduction of the evidence adduced was opposed upon

the ground that it was illegally obtained. Conceding the invalidity of the purported search warrant, the state relied upon the appellant's consent to the search. The position of the state is not regarded as tenable. The transaction does not evince the willingness of the appellant to the search but rather indicates his acquiescence therein upon his belief in the statement of the officers that they had a search warrant. It was not the intent or understanding of either the officers or the appellant that the search was other than one made upon a valid search warrant.

From Cornelius on Search and Seizure, sec. 16, the following quotation is taken: "Where an officer politely and decently and without physical force has assumed to act in his official capacity, a peaceable citizen should not resist the action even though he knows the officer is, as to the act, greatly exceeding his authority. The courts have repeatedly held that acquiescence under such circumstances will not be taken to be a consent to an unlawful search or arrest, but merely a peaceable submission to an officer of the law."

Among the cases illustrating the text, holding that the mere acquiescence of the accused does not constitute a waiver, are Hampton v. State, 148 Tenn. 155, 252 S. W., 1007; Jordan v. Commonwealth, 199 Ky., 331, 250 S. W., 1004.

In Dixon v. State, 108 Texas Crim. Rep., 650, 2 S. W. (2d) 272, Judge Lattimore, in delivering the opinion of the court, used the following language: "We are of opinion that one, who is informed by the officers that they have a search warrant under which they propose to search his house, who says nothing further than 'All right; go ahead,' can not be held to thereby waive irregularities in the search warrant, or to have given his consent to the search without warrant."

See, also, Jordan v. State, 11 S. W. (2d) 323.

We are constrained to hold that the situation presented in the present appeal is controlled by the decisions to which reference has been made. It follows therefore that the appellant's objection to the testimony should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*