48 So.2d 467

**BULL v. ARMSTRONG et al.**

6 Div. 69.

Supreme Court of Alabama.

Oct. 26, 1950.

392

Weaver & Johnson, of Haleyville, for appellant.

J. A. Posey, of Haleyville, for appellees.

SIMPSON, Justice.

Appellant, J. C. Bull, sued appellees for damages for maliciously and without probable cause unlawfully searching his dwelling house against his will and without his

voluntary consent. From a judgment for the defendants the plaintiff has appealed.

Error is sought to be predicated on the refusal by the trial court of certain written charges requested by the plaintiff and the giving of other written charges for the defendant. A brief résumé of the evidence, in application to certain well-settled principles of law, will suffice, we think, to illustrate that error did prevail in these several rulings.

The undisputed evidence is: Defendant Burleson, chief of police of the city of Haleyville, was in possession of a number of blank search warrants which had previously been signed by the mayor in his official capacity, and on the night of August 13, 1949, on information conveyed to the defendant Armstrong, a deputy sheriff of the county, of a supposed violation by the plaintiff of the prohibition law, the said chief of police, in the presence of the other defendants, filled in the blank spaces in one of these carte blanche search warrants for the search of the plaintiff's dwelling and signed the names of defendants Dodson and Gibson (city policemen) to the affidavit. The mayor, who had previously affixed his signature to the jurat and the warrant of search, was not present, had not examined the two purported affiants, Gibson and Dodson, or either of them, regarding the facts assumed to have been stated by them in the affidavit, nor had he performed any of the functions required for the issuance of search warrants. In short, these officers concocted this search warrant without any semblance of compliance with the law and, thus arming themselves with it, proceeded to the plaintiff's home about nine p. m. and aroused him, and when he appeared at his front door Dodson stated, "I've got a search warrant to search this house," whereupon the plaintiff invited the officers in and they entered. Plaintiff then addressing Dodson said, "Bill, is this a joke?" and Dodson answered that it was not a joke and the chief of police, Burleson, said, "No, J. C., this is not a joke, he has a search warrant to search this house." The plaintiff then inspected the warrant and said, "All right, go ahead, but I still think

this is a joke." The officers then made a search of his home for prohibited liquors, found none, and after completing the search told the plaintiff to "forget it" and left the premises. The plaintiff was not informed and had no knowledge that the search warrant was illegal and void and obviously submitted to the search under its authority.

The law is well established that an officer is not protected from the consequences of executing a search warrant on the basis of the authority therein contained if it was issued through the officer's own fraud or misdoing. As was observed in Walker v. Graham, 228 Ala. 574, 154 So. 806, 809: "* * * no one will be permitted to wrongfully procure the issuance of a process by practicing a fraud or imposition upon the court or authority, and seek shelter behind such a process, though it be ever so regular upon its face. He will not be permitted to shield himself behind such a cloak. * * *"

And, a law enforcement officer who makes an illegal search of a person's premises is liable to that person in an action at law for damages. Joubert & Goslin Machine & Foundry Co. v. Atchley, 218 Ala. 105, 117 So. 640; Walker v. Graham, supra; Ex parte City of Mobile, 251 Ala. 539, 38 So.2d 330.

The law prescribes how a search warrant may be procured. It may be issued only on probable cause supported by affidavit made before the issuing authority, naming or describing the person under suspicion and particularly describing the property to be searched for and the place to be searched. § 102, Title 15, § 212, Title 29, Code 1940; Hauger Co. v. Abramson, 215 Ala. 174, 110 So. 152.

Manifestly and without dispute these legal prescriptions were entirely ignored and the conduct of the defendants in filling in the blank search warrant and proceeding to a search of the plaintiff's premises was completely without the pale of legal warrant.

The defense in the case was rested on invitation and voluntary consent by the plaintiff because, after they presented him

with the search warrant, apparently valid on its face, he permitted them to act under it and make the search. This, under the law, does not constitute waiver of his constitutional right to be secure against an unlawful search and seizure, nor is it an invitation or voluntary consent to search.

■ Waiver, to be effective, must be based on knowledge or means of knowledge of all material facts incident thereto. Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308; American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21; Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591.

■■ One is not held to have consented to the search of his premises where it is accomplished pursuant to an apparently valid search warrant. On the contrary, the legal effect is that consent is on the basis of such a warrant and his permission is construed as an intention to abide by the law and not resist the search under the warrant, rather than an invitation to search.

The following statement of principle in 74 A.L.R. 1437 is apposite and well supported by competent authority: "While it is clear that one may, by voluntary consent to an illegal search and seizure, waive his constitutional rights in this regard * * *, the cases are by no means agreed as to what amounts to such consent or waiver. It may be said generally, however, that if the officer, in searching for intoxicating liquor or evidence of violation of liquor laws, assumes to act under a search warrant, which it is subsequently contended is illegal, the person whose premises are searched will not be held to have voluntarily consented to the search by merely acquiescing therein, and that a much stronger showing is required to justify a finding of consent under such circumstances, than if such person knows that the officer is not claiming to act under a warrant and nevertheless signifies a willingness that he shall proceed." See also 39 A.L.R. 822 et seq.; 27 A.L.R. 720 et seq.; 30 Am.Jur., § 527, p. 528.

We also find a good statement of the rule by the Supreme Court of Indiana in Meno v. State, 197 Ind. 16, 164 N.E. 93, 96, where it was said:

"* * * An invitation to search one's person or possessions, and seize a person or property, under the Constitution must be free from any coercion, duress, or fraud. One who, upon the command of an officer authorized to enter and search and seize by search warrant, opens the door to the officer and acquiesces in obedience to such a request, no matter by what language used in such acquiesence, is but showing a regard for the supremacy of the law. Such actions do not constitute an invitation.

"The presentation of a search warrant to those in charge at the place to be searched, by one authorized to serve it, is tinged with coercion, and submission thereto cannot be considered an invitation that would waive the constitutional right against unreasonable searches and seizures, but rather is to be considered a submission to the law. * * *"

Some other authorities expositing the same principle are: Morton v. State, 136 Miss. 284, 101 So. 379; State v. Watson, 133 Miss. 796, 98 So. 241; Conner v. State, 201 Ind. 256, 167 N.E. 545; Coleman v. Commonwealth, 219 Ky. 139, 292 S.W. 771; Mattingly v. Commonwealth, 199 Ky. 30, 250 S.W. 105; Jones v. Commonwealth, 227 Ky. 157, 12 S.W.2d 280; Jordan v. State, 111 Tex.Cr.R. 83, 11 S.W. 2d 323; Monroe v. State, 110 Tex.Cr.R. 274, 8 S.W.2d 133; Dixon v. State, 108 Tex.Cr.R. 650, 2 S.W.2d 272; Franklin v. State, 34 Okl.Cr.R. 268, 246 P. 889; Smith v. State, 34 Okl.Cr.R. 434, 246 P. 1109; Hancock v. State, 35 Okl.Cr.R. 96, 248 P. 1115; Whitford v. State, 35 Okl.Cr.R. 187, 249 P. 430; Wilson v. State, 38 Okl.Cr.R. 409, 262 P. 501; Thomas v. State, 40 Okl. Cr.R. 98, 267 P. 278.

■■ In the case at bar, therefore, we think it sound to conclude that the search under the void warrant was not voluntary, but compulsory. The warrant was legal on its face, and in agreeing for the officers to proceed with the search, the

plaintiff was but submitting to the authority of the law and not agreeing to waive his constitutional rights; indeed, for him to have done otherwise might have constituted resisting an officer in the apparent discharge of his duty. It seems clear to us that his consent to the search was given under compulsion and in no sense can it be considered to have been voluntary or by invitation.

Charges 7, 10, 13, and 17, requested by the plaintiff and refused by the trial court, were designed to give effect to this legal principle and to instruct the jury accordingly. We think their refusal was error to reverse.

On like principle it must be held that it was error to give for the defendants charges 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, and 28. The court doubtless approved these charges on the theory that there was some evidence of invitation or voluntary consent to search the plaintiff's property. As illustrated above, however, the legal effect of the search was that it was under compulsion or coercion, thereby rendering the giving of these charges also error to reverse.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.