Commonwealth *v.* Pichel, Appellant.

104

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Dennis J. Monaghan,* with him *Barrett and Monaghan,* for appellant.

*Salvador J. Salazar,* Assistant District Attorney, with him *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

This is an appeal from a judgment of sentence for receiving stolen goods. The only issue presented is whether appellant voluntarily and intelligently consented to a police search of his garage.

On May 23, 1969, a marina in Bethlehem Township in Northampton County was burglarized. Missing items included blue boat seats, an impact gun, water skis, life vests, tow ropes, and other boating equipment. On information from a confidential informant, police officers went to appellant's garage on July 12, 1969. With appellant present, the police officers looked into the open garage and noticed two blue boat seats in appellant's boat. Appellant was given *Miranda* warnings, advised by the police that they wanted to question him about the seats, and, although not placed under arrest, was taken to police headquarters for questioning, where appellant told the police that he had purchased the seats from a stranger.

The police contacted one of the owners of the marina, Richard Schwenk, and allegedly asked appellant whether he would mind if Mr. Schwenk looked at the seats. Appellant replied that it was alright, and that if they belonged to Mr. Schwenk he could have them.

The police, along with appellant and Schwenk, then went to the office of a Justice of the Peace to obtain a search warrant. On the basis of the information supplied by the informant and the police observation of the blue seats in appellant's garage, a search warrant was issued authorizing the police to search the garage and appellant's apartment and to seize articles taken from the marina.

The police officers, appellant, and Mr. Schwenk then proceeded to the garage. When they arrived, the police read the warrant to appellant and searched the garage. The search uncovered various items which Mr. Schwenk identified as stolen from the marina.

The court below held that the search of the garage was consensual because appellant allowed the officers to look into the garage when they first arrived, and, while at the magistrate's office, stated that they needn't bother obtaining a search warrant if they want-

ed to look for the stolen items. In finding the search consensual, we believe that the court erred.

Although these antecedent events are indicative of appellant's generally cooperative attitude toward the police investigation, they do not, amount to a voluntary consent to the subsequent search of the garage. Appellant's "consent" to the search came only after the police had obtained the warrant and began to read it to him, at which time appellant told the police to go ahead and search. Appellant's acquiescence to the authority granted by the warrant can hardly be equated to a voluntary waiver of Fourth Amendment rights.

To be effective, consent to a search and seizure must be voluntarily given with the total absence of duress or coercion, express or implied. *Commonwealth v. Harriss,* 429 Pa. 215, 221, 239 A. 2d 290 (1968); *Commonwealth v. Burgos,* 223 Pa. Superior Ct. 325, 299 A. 2d 34 (1972). The burden is upon the Commonwealth to prove by clear and positive evidence that the waiver of Fourth Amendment rights was free and voluntary. *Commonwealth v. Storck,* 442 Pa. 197, 275 A. 2d 362 (1971); *Commonwealth v. McCloskey,* 217 Pa. Superior Ct. 432, 272 A. 2d 271 (1970).

When a police officer displays a warrant and claims authority thereunder to search premises, he effectively declares his legal right to search and announces that the accused has no right to resist that authority. *Bumper v. North Carolina,* 391 U.S. 543, 88 S. Ct. 1788 (1968). The submission of a citation to police representations that they have authority to search can only be construed as an intention to abide by that authority, and not as an intention to voluntarily waive Fourth Amendment rights. *United States v. Elliott,* 210 F. Supp. 357 (D. Mass. 1962); *Bull v. Armstrong,* 254 Ala. 390, 48 So. 2d 467 (1950). As we stated in *Commonwealth v. Burgos,* supra at 330: "Consent under such circumstances can hardly be said to be voluntary,

for it is unlikely that a [person] would assert opposition to a search which appeared inevitable." Such a "situation is instinct with coercion—albeit colorably lawful coercion . . . [and] [w]here there is coercion there cannot be consent." *Bumper v. North Carolina,* 391 U.S. at 550, 88 S. Ct. at 1792.

Under the facts of the instant case, we conclude that the Commonwealth has not met its burden of proving that appellant voluntarily consented to the search of the garage. Despite appellant's prior cooperativeness, the police felt it necessary to obtain a search warrant and clearly relied upon that warrant's authority to conduct a search. Confronted with this authority, appellant's permission can only be construed as acquiescence thereto and not a voluntary waiver of Fourth Amendment rights.

The validity of the search warrant has not been presented as an issue on this appeal. The court below held that the warrant was not supported by probable cause insofar as it authorized a search of appellant's apartment. As to the search of the garage, the court did not reach the issue, finding that the search was consensual. Since the issue has not been presented, this court may not make a proper determination thereof. On remand, if the warrant is found to have been validly issued, the seizure of the evidence and its subsequent introduction into evidence was proper and a new trial would be unnecessary.

The judgment of sentence is reversed and the case remanded for proceedings consistent with this opinion.

JACOBS and VAN DER VOORT, JJ., dissent.