## SEBASTIAN MACHADO v. THE STATE.

No. 10230.   Delivered March 23, 1929.
Rehearing denied June 5, 1929.

The opinion states the case.

*L. D. Hill* of San Antonio, for appellant.

*Sam D. Stinson* of Groesbeck, State's Attorney, and *Robt. M. Lyles* of Del Rio, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for transportation of intoxicating liquor; punishment, one year in the penitentiary.

An officer watching the house of appellant on the night of the alleged offense, observed him driving his automobile back and forth in a suspicious manner, and when appellant finally stopped the car the officer looked therein and found a gallon of whisky. When the case was called for trial appellant offered a motion in advance to suppress the testimony of the sheriff and direct a return of the liquor. On the trial the State offered in evidence a part of this motion, which was signed by appellant; appellant then offered the whole of the motion. In said motion it was admitted that a gallon of intoxicating liquor was in the possession of appellant and in his car on a public street in the city of San Marcos on the occasion in question.

There are four bills of exception in the record. No. 1 complains of the refusal of the court to grant the motion to return to appellant the liquor taken from his possession without a search warrant. No. 2 was taken to the refusal of appellant's motion to suppress the evidence regarding the finding in his possession of said liquor. No. 3 was taken to the admission of the testimony of the officer in regard to the movements of appellant on the night in question; the finding of the whisky in his car; the fact that appellant claimed the car; that he was on a public street, etc. No. 4 was to the refusal of the court to sustain a motion to exclude the testimony of the officer above referred to.

We have carefully examined each of these bills and have concluded that none of them present any reversible error. This court has uniformly declined to sanction the practice of passing upon motions to return intoxicating liquor or to suppress evidence in regard to the finding thereof, offered prior to the going into trial of one charged with violation of the liquor law. In Odenthal v. State, No. 9967. opinion handed down January 12, 1927, and Battle v. State, No. 10505, opinion handed down January 12, 1927, we held the officer justified in searching an automobile being used for the transportation of intoxicating liquor, when it appeared from the facts that the officer had probable cause for believing same to be so used. Reference is had to said authorities for reasons and citation of authorities supporting the conclusion.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks a rehearing on the ground that there was no probable cause for the search of his automobile, and that hence the search was illegal, and consequently the testimony of the officer as to his finding in appellant's car a gallon of whisky was inadmissible. If appellant's contention be sound that the testimony failed to sufficiently show probable cause,—still it appearing that appellant admitted under oath that he had whisky in his car on the occasion referred to, which was found by the officer, and such sworn admission having been introduced in evidence before the jury on the trial in this case, this fact would render harmless the error, if any, of the admission of the testimony of the officer.

During the trial appellant put in evidence before the jury his own sworn motion made in this case on the same day as the trial, for the return to him of the whisky found by the officer in his car on the occasion which formed the basis for this prosecution. In said motion and under oath appellant stated that G. M. Allen, Sheriff of Hays county, did on the 14th day of April, 1925, search appellant's automobile on the streets of San Marcos, Texas, and did take from said car a gallon of whisky which was in possession of appellant at the time. To this testimony the State made no objection. If then the admission of the testimony of the officer was erroneous, still the rule is too well settled for dispute that this case should not be reversed for the admission of such testimony when same is in the record from some other source. As said in McLaughlin v. State, 109 Texas Crim. Rep. 307, quoting from Wagner v. State, 53 Texas Crim. Rep. 306:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Tex. Crim. App. 404; Walker v. State, 17 Tex. Crim. App. 16; Johnson v. State, 26 S. W. 504; Stephens v. State, 26 S. W. 728; Logan v. State, 17 Tex. Crim. App. 50; West v. State, 2 Tex. Crim. App. 460, and Carlisle v. State, 37 Tex. Crim. Rep. 103."

"Later cases following Wagner are Gurski v. State, 93 Tex. Crim. Rep. 612, 248 S. W. 353; Osborne v. State, 106 S. W. 310, 292 S. W. 240."

Other cases affirming the rule are Bonilla v. State, 2 S. W. (2d) 248; Duncan v. State, 13 S. W. (2d) 703; Houston v. State, 16 S. W. (2d) 120; Spain v. State, 15 S. W. (2d) 647, which latter case collates many authorities. In the opinion in the case last re-

ferred to we said: "Nothing can be sounder than the proposition that the erroneous admission of evidence is harmless when the same evidence in substance is brought before the jury without objection." That such would be the legal effect of proof of the confession of the accused, or of his statements that he had the whisky in his possession in said car, would not seem debatable. In this condition of the record the error of the admission of the officers testimony, if any, would be harmless.

The motion for rehearing is overruled.

*Overruled.*