### GEORGE MANOS V. THE STATE.

No. 19580. Delivered March 30, 1938.

The opinion states the case.

*Quentin Keith,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing distilled spirits on licensed wine and beer premises; the punishment, a fine of $100.00.

Appellant was duly licensed to sell wine and beer in a building situated at 1201 Proctor Street in the city of Port Arthur, and was engaged in such business at the place mentioned on the 24th of October, 1937. He also operated a cafe in the same building. On the date mentioned inspectors of the Liquor Control Board entered the beer tavern and restaurant for the purpose of making an inspection. Appellant was behind the bar. After making an inspection behind the bar the inspectors entered appellant's kitchen, and from there went through a door into an adjoining hallway in which appellant kept empty beer bottles. At the end of this hallway they observed a door, which they attempted to open. Finding that it was locked, they asked appellant for the key. He went to his cash register and secured two keys, neither of which would open the door. He then told the inspectors that the room belonged to an adjoining laundry. One of the inspectors reminded appellant that the lock was on his side. Appellant replied: "Well then my wife has the key." He then went in search of his wife but finally came back with the state-

ment that he had been unable to find her. After forcing the door open the inspectors found eleven boxes of whisky and gin in the room. After the inspectors had broken the door appellant told them that the restaurant equipment in the room belonged to him. At this juncture we quote from the testimony of one of the inspectors, as follows: "I am pretty well acquainted with the setup down there, how the building is divided and this drawing shows the general setup. The cafe is on the corner of Proctor and Savannah and the liquor store is directly on the corner, right in the corner of. the cafe, space cut off of the cafe for the liquor store. There is a shoe shop next door and then there is a laundry next door to that. Mr. Manos uses the corner portion there, excluding that part reserved for the liquor store, for a cafe business, then the kitchen to the cafe is behind the shoe shop that -is next door. There is an arch between the kitchen and the main portion of his cafe and then there is a hall behind the cafe and the spare room where we found the whisky is behind the laundry. There is just one opening into that room right here. * * * I entered this place from this entrance here on Savannah Avenue and went into the cafe and made the inspection behind the counters without any objection from George Manos and I inspected the kitchen without any objection from him. Then I went into this hall from the kitchen and then broke the door down and went into this storage room and that is where we found the liquor, in this storeroom."

Appellant's son-in-law operated a package store at 1201 Proctor Street in the same building in which appellant ran the beer tavern and restaurant. We quote from his testimony as follows: "I have been running the liquor store about three months. It is located right on the side of the cafe, his [appellant's] restaurant is right next door, in the same building."

The room in which the whisky was found was not adjacent to the package store, but, as already observed, adjoined appellant's kitchen and the hallway in which he kept his empty beer bottles. According to the version of appellant's son-in-law, the whisky did not belong to appellant but he had purchased same during appellant's absence and placed it in the store room without appellant's knowledge. Further, he testified that he had the only key to the room. He said: "This room wasn't used for anything except to store things. It wasn't used in connection with the restaurant, just had a bunch of junk in there. I had the actual personal care of this whisky, and had the control of it and the management of it. George [appellant] had no control over that whisky, nor the management. * * * This is my whisky and I bought it."

The State introduced in evidence several invoices for whisky and gin sold to Savannah and Proctor Package Store and bearing the signature of appellant.

Appellant did not testify.

Appellant objected to the testimony of the inspectors on the ground that they had no search warrant. It is not necessary to determine whether a search warrant was required. Having proven by his son-in-law that the whisky was in the storeroom on the occasion of the search, appellant is in no position to ask for a reversal of the judgment. McLaughlin v. State, 4 S. W. (2d) 54; Machado v. State, 17 S. W. (2d) 1060.

Appellant excepted to the charge of the court for its failure to submit his affirmative defense. It is observed that the court gave the following requested instruction:

"You are instructed that unless you find and believe beyond a reasonable doubt that the defendant George Manos, on October 24, 1937, in the city of Port Arthur, County of Jefferson, State of Texas, had distilled spirits in his possession on premises where he was authorized to sell at retail vinous and malt beverages, and where he was then and there so engaged in the business of so selling vinous and malt beverages, he would be guilty of no offense; and if you believe from the evidence, or if you have a reasonable doubt thereof, that said distilled spirits, if any, were not upon the premises wherein the sale at retail of vinous and malt beverages were authorized by law, and where the defendant was then and there engaged in the business of so selling such vinous and malt beverages, you are instructed that you must acquit the defendant, George Manos, and say by your verdict, 'not guilty'; and if you believe from the evidence, or if you have a reasonable doubt thereof, that some person other than the defendant, George Manos, possessed, as that term has been hereinbefore defined, the distilled spirits in question at the time and place mentioned, you are instructed that you must acquit the defendant, George Manos, and say by your verdict, 'not guilty.' "

The foregoing instruction appears to have been prepared by appellant and submitted to the jury at his request. Also it is observed that the court properly defined the term "possession" in a requested instruction prepared by the appellant. We are of opinion that the charges in question adequately presented the affirmative defense which had been raised by the testimony of appellant's son-in-law.

In the complaint it was alleged "and said premises was not then and there a hotel authorized to sell distilled spirits." This

averment was not required and is to be treated as surplusage. Hence it was unnecessary for the State to offer proof in support of same. Mrs. Harvey Commander v. The State, Opinion No. 19452, delivered March 16, 1938. [Page 337 of this volume.]

Appellant excepted to the charge of the court on the ground that, in applying the law to the facts, several of the elements of the offense were omitted. Specifically, it is appellant's contention that the court failed in the charge to require the jury to believe beyond a reasonable doubt that he possessed the whisky on premises where he was licensed to sell vinous and malt beverages. The requested instruction we have heretofore quoted appears to embrace all the elements of the offense; and we think was sufficient to meet appellant's exception to the charge.

We are unable to agree with appellant's contention that the evidence is insufficient to support the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.