JONES WILSON V. THE STATE.

No. 21171. Delivered October 30, 1940.
Rehearing Denied December 18. 1940.

The opinion states the case.

*S. F. Hill,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of marihuana; the punishment, confinement in the penitentiary for three years.

Officers searched appellant and found in his possession several marihuana cigarettes. Testifying in his own behalf, appellant declared that he did not know he had the cigarettes in his pocket until they were discovered by the officers. Appellant

introduced a witness who testified that he saw another party place the cigarettes in appellant's pocket.

It appears from bill of exception No. 1 that Dallas Thrash, one of the searching officers, testified, over appellant's objection to the effect that the search was made without a warrant and without a warrant of arrest, that he found several cigarettes in appellant's pocket. It is observed that A. L. Plucker, one of the officers who participated in the arrest and search of appellant, testified without objection on the part of appellant, in part, as follows: "We searched him (appellant) and found a package in his shirt pocket. It was wrapped in a little piece of Sunday funny paper. We taken it out and looked at it. It was cigarettes wrapped in brown paper. This was taken off the defendant. I did not see any Camel cigarettes on the person of the defendant. There was not anything else in his shirt. Marihuana is all there was." Obviously the testimony of Mr. Plucker was substantially the same as that of Officer Thrash. Moreover, appellant admitted that the officers found the cigarettes in his possession. Under the circumstances, reversible error is not presented. We quote from 4 Texas Jurisprudence, 587, as follows:

"It is a general rule also that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony or by evidence which was not objected to, as where the accused voluntarily gave testimony substantially the same as that erroneously received over objection. For example, a judgment will not be reversed because of the admission of testimony of officers respecting facts ascertained upon an illegal search where the same facts were testified to by other witnesses or by the appellant himself."

In support of the text many authorities are cited, among them being Machado v. State, 17 S. W. (2d) 1060; Spain v. State, 15 S. W. (2d) 646; Stockton v. State, 15 S. W. (2d) 640; and Shuffield v. State, 18 S. W. (2d) 640.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that the indictment in this cause is defective

in that it therein charges him with the possession of marijuana, when the statute, Art. 725b, P. C., denounces the possession of marihuana; and we gather therefrom that the point herein involved is the fact that the statute spells the narcotic with an "h" while the indictment spells the narcotic with the letter "j."

It is true that the statute employs the letter "h" in the spelling of the drug, and it is further true that the indictment herein employs the letter "j" in place of the letter "h."

Webster's International Dictionary gives the following spelling of this drug: "Marijuana, also marihuana." We gather therefrom that this drug is spelled either way, and we are also of the opinion that these two methods of spelling this drug sound the same, and are idem sonans.

We think the further matters urged by appellant were properly disposed of in our original opinion, and the motion is overruled.