CLARENCE WELDON HUGHES V. STATE

No. 28,179. April 4, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 16, 1956.

*Charles E. Tobin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn,* and *George R. Edwards,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, 10 years in the penitentiary.

According to the state's testimony three city detectives of the city of Dallas went to a rooming house to execute a search warrant which they had for the room of the appellant. On their arrival, appellant was absent and the detectives informed the landlady of their purpose there, showed her the search warrant for appellant's room, and asked her to unlock the door in order that it would not be necessary for them to enter the room by force. The landlady and appellant had the only keys to the room. She unlocked the door of appellant's room, the officers entered, searched the room and found a considerable quantity of marihuana in a closet. Appellant returned to his room while the detectives were there and he was by them arrested for the offense here charged.

Appellant testified in his own behalf, admitted that he was occupying the room in question, but denied any knowledge of the marihuana which was found therein.

Appellant contends that the trial court erred in admitting any testimony showing the search of his room and any evidence of the results of the search over his objection that the officers did not have a valid search warrant.

The state called Detective Gannaway as its first witness. At the time he was asked by the state, on direct examination, about what happened after the landlady unlocked the door, appellant objected to any testimony pertaining to the search of his room "unless the prosecution shows that he had a valid search warrant" which objection was overruled and appellant excepted.

No search warrant for appellant's room was offered in evidence.

The state called the landlady as a witness and she testified, without objection, that she unlocked the door to appellant's room and was present during the search of the room by the detectives and that she saw the marihuana which they found in the room.

If appellant's contention that the officers did not have a valid search warrant be sound, it still appears that the landlady testified without objection as to the search of appellant's room and the marihuana found therein.

It is well settled that the erroneous admission of testimony is not cause for reversal if the same facts are proven by other testimony not objected to. Hence no reversible error is shown. 4 Tex. Jur. 589, Sec. 414; Machado v. State, 112 Tex. Cr. R. 538, 17 S.W. 2d 1060; Sparkman v. State, 128 Tex. Cr. R. 627, 82 S.W. 2d 972; Manos v. State, 134 Tex. Cr. R. 234, 115 S.W. 2d 655; Wilson v. State, 140 Tex. Cr. R. 509, 145 S.W. 2d 598.

The judgment is affirmed.

Opinion approved by the Court.