RALPH KILRAIN, *alias* RALPH THOMAS SWIHART V. STATE

No. 29,801. May 14, 1958.

*Reynold M. Gardner,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery with firearms; the punishment, 20 years.

The manager and two employees of McCartt's grocery in Amarillo positively identified the appellant as the robber who entered the store shortly after seven o'clock on the night in question as they were preparing to close, and at pistol point required the cashiers to put the money from their registers in paper sacks, which they delivered to him, and stated that the sum taken was $1,064.75. Later on that evening at the police station, each of the three picked the appellant out of a lineup of seven men. Another employee saw a 1955 or 1956 green Pontiac automobile leave the store with its light off and speed away about the time of the robbery.

Sheriff Behrens of Donley County testified, in the absence of the jury, that he received by radio a description of the robber, his dress and his automobile, and proceeded into Armstrong County in an effort to apprehend the fleeing felon.

In the presence of the jury, he testified that at eight o'clock P.M. on the night in question he saw a green Pontiac, gave chase, and brought it to a halt; that he told the appellant that he fit the description of the robber and asked for and received the appellant's permission to search his automobile; and that he found therein a paper sack of money, which was shown by another witness to contain $1,064.75, a pistol, and the wearing apparel which was identified at the trial by the first three state's witnesses as that worn by the robber. The sheriff's testimony was corroborated by that of his deputy Fitzgerald.

The appellant did not testify or offer any evidence in his own behalf.

Only two contentions are raised by brief. Appellant objected to Sheriff Behren's testimony about the arrest and search on the grounds that the sheriff was out of his own county at the time. We do find, however, that Fitzgerald testified to the same facts without objection. This constituted a waiver of his objection to Behren's testimony. Lowrey v. State, 163 Texas Cr. Rep. 241, 290 S.W. 2d 532, and Hughes v. State, 163 Texas Cr. Rep. 224, 289 S.W. 2d 768.

Appellant next contends that the court erred in permitting the officers to testify as to the money which they found because the money itself was the best evidence. In Dixon v. State, 108

Texas Cr. Rep. 650, 2 S.W. 2d 272, Judge Lattimore said, "We do not think the man who testifies he found a horse must produce the horse before the jury before his testimony will be received."

Finding the evidence sufficient to support the judgment and no reversible error appearing, the judgment of the trial court is affirmed.