GILBERTO LOPEZ GARZA v. STATE

No. 34,682.   June 27, 1962

*LeRoy Peavy*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr., Gus J. Zgourides*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marijuana; the punishment, thirty-five years.

Officer Maddox, of the Houston Police Department, testified that while in the company of Officer Fredrich in a cafe, he observed the appellant and when appellant went to the restroom in the cafe they followed; that he there searched the appellant, finding in his shirt pocket a "leafy substance that appeared to be marijuana", which he identified while testifying as State's Exhibit No. 1. The testmony of Officer Fredrich is substantially the same as that of Officer Maddox.

Officer Maddox further testified that about a month later, while in a club approximately three blocks from the cafe above mentioned, the appellant "approached me and he said that he and his brothers, his relatives, owned approximately two thousand acres of land in West Texas, and that it would be worth about seven hundred acres of that land if I could help him get out of this."

After appellant's arrest, Officer Chavez searched him in the narcotics office of the Houston Police Department. He testified that he found a quantity of green particles in both of appellant's shirt pockets and in one pocket of his pants, and he placed these substances in packages which he identified at the trial as State's Exhibit No. 2.

Thomas L. Metz, chemist and toxicologist for the City of Houston, testified that from both a microscopic and chemical test of State's Exhibit Nos. 1 and 2 he determined that each of them

contained marijuana, and that together both totaled a quantity of more than one grain which would be sufficient to make "a small marijuana cigarette".

The appellant did not testify or offer any testimony in his behalf.

Contrary to appellant's contention, it is concluded that the quantity of marijuana was sufficient to support his conviction of the possession of marijuana.

Appellant contends that the evidence showing the search of his person and the introduction in evidence of the marijuana found as a result thereof was error because his arrest and the search incident thereto was illegal.

Testimony was introduced, without objection, showing the search of the appellant and the finding of marijuana. Therefore, appellant is in no position to complain of the search because the same or similar testimony was admitted without objection. 5 Texas Jur. 2d 704, Sec.446; Hughes v. State, 163 Texas Cr. Rep. 224, 289 S.W. 2d 768.

It is insisted that the trial court erred in admitting the evidence concerning appellant's attempt to bribe Officer Maddox, over his objection that it was inflammatory and prejudicial.

The efforts of an accused to induce a witness to testify falsely may be shown as indicating a consciousness of guilt. 23 Texas Jur. 2d 196, Sec. 135; Carpenter v. State, 124 Texas Cr. Rep. 313, 61 S.W. 2d 849; Steele v. State, 182 S.W. 2d 496.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.