George Dale BRAKE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

STATE of Missouri, Respondent,

v.

George Dale BRAKE, Appellant.

Nos. 55408, 55530.

Supreme Court of Missouri,
Division No. 2.

Nov. 9, 1970.

Motion for Rehearing or to Transfer to
Court En Banc Denied Dec. 14, 1970.

J. Arnot Hill, Lewis E. Pierce, Robert
G. Duncan, Pierce, Duncan, Hill & Russell,
Kansas City, for appellant.

John C. Danforth, Atty Gen., Frank P.
Cihlar, Asst. Atty. Gen., Jefferson City,
for respondent.

DONNELLY, Presiding Judge.

Appellant, George Dale Brake, was convicted of robbery in the first degree by means of a dangerous and deadly weapon under V.A.M.S. §§ 560.120 and 560.135, by a jury in the Circuit Court of Jackson County, Missouri, and on June 6, 1967, his punishment under the provisions of the Habitual Criminal Act was assessed at imprisonment for a term of fifteen years. A notice of appeal was filed June 6, 1967. On February 12, 1968, this Court affirmed the judgment of the trial court because a transcript on appeal had not been filed.

On September 23, 1968, appellant filed a motion under S.Ct. Rule 27.26, V.A.M.R., with the trial court to vacate the judgment, on the grounds that he was denied the right to appeal. The trial court granted this motion on the ground that appellant did not receive effective assistance of counsel in perfecting his appeal. An order vacating the judgment entered June 6, 1967, was filed on July 21, 1969, and the same order resentenced appellant to fifteen years confinement in the Department of Corrections. On July 30, 1969, a notice of appeal from the judgment in the 27.26 proceeding, and from the judgment entered on June 6, 1967, was filed.

A petition for a writ of habeas corpus was then filed with this Court asserting that appellant had not been present at the time of the vacation of judgment and resentencing on July 21, 1969. By order of this Court, the trial court, on March 5, 1970, set aside the order and judgment of July 21, 1969, and the original judgment and sentence of June 6, 1967, and resentenced appellant to fifteen years confinement in the Department of Corrections with credit for time served. A notice of appeal from the judgment of March 5, 1970, was filed on March 9, 1970.

The evidence at the original trial shows that at about 1 a. m., November 12, 1963, Henry Milton Christman, a night watchman at the Barrel Bar in Kansas City, Missouri, was attacked inside the Bar and was severely beaten. The safe and coin-operated machines were pried open and $1800, some coins, and two guns were taken.

At about 4:26 a. m., an automobile which appellant was known to drive and in which he had been seen earlier, was observed by a police officer. The automobile stopped and two men ran from the automobile. Appellant was identified as one of these men. The automobile was searched and the police seized $1851.83, two guns, and several other items of evidence.

Appellant contends that "Instruction No. 2, the main verdict-directing instruction, was prejudicially and erroneously broader than the charge alleged in the information in that it authorized a conviction for the taking of property not alleged in the information."

■ Appellant first asserts Instruction No. 2 was broader than the charge alleged in the information because it authorized a verdict of guilty if the jury believed appellant "took and carried away *any* money," whereas the information specified the items taken.

The assertion is without merit. State v. Johnson, Mo.Sup., 457 S.W.2d 762 (decided September 14, 1970). The fact that the instruction told the jury that the offense might consist of taking *any* money is immaterial. State v. Washington, Mo. Sup., 383 S.W.2d 518, 525. "The amount of the value of the property taken in a robbery is immaterial as long as it has some value." State v. Van Horn, Mo.Sup., 288 S.W.2d 919, 921.

■ Appellant next asserts Instruction No. 2 was broader than the charge alleged in the information because it authorized a verdict of guilty if the jury believed appellant robbed Christman by force and violence *or* by putting him in fear whereas the information charged that appellant robbed Christman by force and violence *and* by putting him in fear.

"Section 560.120 proscribes one offense, i. e., first degree robbery, which may be charged or proven as having been accomplished in either of two ways,—namely, by *violence* to the person *or by putting him* or her *in fear* of some immediate injury." State v. Hawkins, Mo.Sup., 418 S.W.2d 921, 924. The instruction is within the language of § 560.120, supra. Appellant does not question the sufficiency of the evidence to support both alternatives. The assertion is without merit.

■ Appellant next contends the trial court "erred in overruling appellant's objections to and in admitting in evidence testimony relating to items allegedly seized from an automobile which items were not offered in evidence nor in court and subject to inspection by the appellant, and therefore denied appellant his constitutional right to be confronted by the evidence against him and was not the best evidence."

This contention relates to oral testimony of a police officer as to $1851.83 in currency and coins, two guns, and other items, discovered in the automobile from which appellant fled.

The Sixth Amendment to the Constitution of the United States provides that in criminal prosecutions the accused shall enjoy the right "to be confronted with the witnesses against him." Article I, § 18 (a), Const. of Mo., 1945, V.A.M.S., provides that in criminal prosecutions the accused shall have the right "to meet the witnesses against him face to face."

In State v. McO'Blenis, 24 Mo. 402, 414, this Court characterized the right to confront witnesses as follows: "The great security of the accused, however, after all, is in the fundamental principle of the common law, that *legal evidence consists in facts testified to by some person who has personal knowledge of them; thus excluding all suspicions, public rumors, secondhand statements, and generally all mere hearsay testimony, whether oral or writ-*ten, from the consideration of the jury*—the usual test of this hearsay evidence being that it does not derive its value solely from the credit to be given to the witness who is before them, but partly from the veracity of some other individual."

Appellant urges that "the items allegedly seized from the automobile were the real witnesses" against him and that admission of oral testimony of the police officer concerning these items was prejudicial error. We do not agree.

In State v. McAfee, 148 Mo. 370, 379, 50 S.W. 82, 84, a murder case, this Court said: "It was not necessary to introduce the shirt [of Brewer, the deceased] in evidence in order to show what marks were on it, made by the shooting. This was no more necessary than it was to introduce the dead body of Brewer in order to show what wounds were on it, and the appearance of those wounds. The doctrine of primary and secondary evidence does not extend to such subject."

In State v. Coleman, Mo.Sup., 441 S.W. 2d 46, 52, this Court said:

"The objection that the money taken from Coleman should have been produced, rather than permitting the officer's testimony on the subject, is without merit. In Kilrain v. State, 166 Tex.Cr.R. 265, 313 S.W.2d 299, 300 [2], a similar contention was raised and answered: 'Appellant next contends that the court erred in permitting the officers to testify as to the money which they found because the money itself was the best evidence. In Dixon v. State, 108 Tex.Cr.R. 650, 2 S.W.2d 272, 273, Judge Lattimore said, "We do not think the man who testifies that he found a horse must produce the horse before the jury before his testimony will be received." ' "

■ We do not believe that items, such as those described by the police officer, are "witnesses" within the meaning of the constitutional provisions enumerated above. The police officer was available for cross-

examination. Further, we do not believe the best evidence rule applies to this type of evidence. In any event, the record shows that the items about which the police officer testified were not available at trial.

The judgments are affirmed.

All of the Judges concur.