# NO. 12-09-00145-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY BRUCE SEEGER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeffery Bruce Seeger appeals his conviction for indecency with a child, a second degree felony. Appellant was tried by a jury, which found him guilty as charged, found the two enhancement paragraphs to be true, and sentenced him to imprisonment for ninety-nine years. In two issues, Appellant contends that the trial court erred in permitting an improper "outcry witness" to testify and in admitting two exhibits. We affirm.

### BACKGROUND

Appellant was charged with indecency with a child, his ten year old stepdaughter, T.G. After a pretrial hearing, the court found that the child's mother was the appropriate outcry witness.

At trial, T.G. testified about Appellant touching her and T.G.'s mother testified that T.G. told her what Appellant had done. Officer Toska Graham, a forensic interviewer at the Children's Advocacy Center, testified about her interview with T.G. An inmate, Eric Warren, testified about meeting Appellant in the Smith County Jail and explained that Appellant asked him to help Appellant by making a false accusation against T.G.'s mother to discredit her and T.G. Together, in the day room of the jail, the two inmates drafted a three page letter. Appellant dictated and Warren wrote down what Appellant told him to write. Warren accused T.G.'s mother of

1

fabricating the allegation of sexual impropriety against Appellant and of trying to do the same against Warren. Warren signed simply as "Eric." Appellant mailed the letter to himself and then turned it over to his attorney as "evidence" that T.G.'s mother had lied and previously concocted false stories against men regarding sexual abuse of T.G.

The jury found Appellant guilty of indecency with a child and sentenced him to ninety-nine years in prison.

### HEARSAY TESTIMONY FROM OUTCRY WITNESS

Appellant contends the trial court erred in permitting T.G.'s mother to testify as an outcry witness, and as a result, her testimony was improper hearsay. He argues that her testimony was not sufficiently detailed as required by the Texas Code of Criminal Procedure.

### Applicable Law

Hearsay is not admissible except as provided by statute or the rules of evidence. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 allows for the admission of otherwise inadmissible hearsay known as outcry statements, out of court statements of child abuse victims detailing the alleged abuse, where the proper conditions are met. TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp. 2009). A child's statements to the "first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense" are admissible in a trial against the defendant, if the defendant is given notice, the trial court conducts a hearing to determine the reliability of the statement based "on the time, content, and circumstances of the statement," and the child testified or is available to testify. *Id.* art. 38.072, § 2. To qualify as an outcry statement under Article 38.072, the child must have described the alleged offense in some discernible way, that being "more than words which give a general allusion that something in the area of child abuse is going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The outcry witness's testimony is admissible, not to establish the truth of the statements made by the child victim, but to show that an outcry was made and the basic nature of the complaint. *Smith v. State*, 40 S.W.3d 147, 150 (Tex. App.–Texarkana 2001, no pet.). The trial court's determination of the appropriate outcry witness is reviewed under an abuse of discretion standard. *Garcia*, 792 S.W.2d at 92. An abuse of discretion standard means "an appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 291 (Tex. Crim. App. 1990) (op. on

2

reh'g).

## Discussion

There were two potential outcry witnesses, T.G.'s mother to whom the child first made the allegations, and Officer Graham, a forensic interviewer at the Children's Advocacy Center, to whom the child subsequently gave a more extensive interview. Early in the preparation for the trial, the State designated Officer Graham as the outcry witness pursuant to Article 38.072 of the Texas Code of Criminal Procedure. At that earlier stage in pretrial preparations, Appellant filed a written motion objecting to both T.G.'s mother and Officer Graham being the outcry witness. Just before trial, at the hearing to determine who would be the outcry witness, the State changed its designation and proffered the mother as the outcry witness. Appellant opposed the change, contending that what the child told her mother was less specific than what she told Graham, and the greater detail given to Graham qualified her as the proper outcry witness.

At the pretrial hearing, T.G.'s mother testified that T.G. told her that Appellant had "messed with her." Later, T.G. told her that Appellant had "touched her down there; and she pointed to her private area." During the interview by Graham, T.G. said Appellant "messed with" her by touching her with his hands on the "wrong spot." She circled a place on a picture of a girl corresponding to the place he touched her. She also explained that he removed her pants and panties and touched her on the outside of her body. She said this happened in her mother's bedroom while her mother was gone. After much discussion, the court designated T.G.'s mother as the outcry witness.

T.G.'s account of the event, as reported to her mother, was more than a general allusion that something in the area of child abuse happened. *See Garcia*, 792 S.W.2d at 91. The indictment alleged that Appellant committed indecency with a child by "touching the genitals" of the child victim. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009). Thus, it is clear that T.G. described the offense to her mother. *See Garcia*, 792 S.W.2d at 91; *Ramirez v. State*, 967 S.W.2d 919, 922 (Tex. App.–Beaumont 1998, no pet.) (mother held to be outcry witness where child told her mother that appellant "was touching her in places that he shouldn't" and "was messing with her" by trying to touch her "top."). Though T.G.'s statements to her mother were not lengthy or detailed, they contained sufficient information about the nature of the act and the perpetrator to satisfy the requirements of Article 38.072.

Appellant argues that T.G.'s mother's testimony is not sufficiently detailed to qualify as

3

the outcry envisioned by Article 38.072 because her testimony does not satisfy the "'how, where, when,' test for specificity and detail under article 38.072." He relies on *Hanson v. State*, 180 S.W.3d 726 (Tex. App.–Waco 2005, no pet.) and *Garcia v. State*, 792 S.W.2d 88 (Tex. Crim. App. 1990). We determine that we are not required to apply such a test.

The court of criminal appeals in *Garcia* never mentioned a "how, where, when" test. Neither have we found any court of criminal appeals case applying such a test. *Hanson* states unequivocally that "[t]he proper outcry witness is the adult to whom the complainant first tells 'how, when, and where' he was assaulted." *Hanson*, 180 S.W.3d at 730. In *Hanson*, the Waco court of appeals cited *Sims v. State*, 12 S.W.3d 499 (Tex. App.–Dallas 1999, pet. ref'd) and *Reed v. State*, 974 S.W.2d 838 (Tex. App.–San Antonio 1998, pet. ref'd) as support for that statement. In *Sims* and *Reed*, the reviewing courts held that a trial court does not abuse its discretion in designating as an outcry witness a person to whom a child told how, when, and where the offense occurred. *Sims*, 12 S.W.3d at 500; *Reed*, 974 S.W.2d at 842. If a child tells someone "how, when, and where" an offense occurred, this is sufficient to be a proper outcry statement. However, there is no suggestion in either of these cases that the details of "how, when, and where" are *necessary* to constitute a proper outcry statement. *See Brown v. State*, 189 S.W.3d 382, 385 (Tex. App.–Texarkana 2006, pet. ref'd). Like the Texarkana court in *Brown*, we decline to imply such a requirement and rely instead on the rule as stated in *Garcia*. Additionally, the proper outcry witness is not to be determined by comparing the statements the child gave to different individuals and then deciding which person received the most detailed statement about the offense. *Brown*, 189 S.W.3d at 386. T.G.'s statement to her mother described the alleged offense in a discernible manner and was more than a general allusion to sexual abuse. *See Garcia*, 792 S.W.2d at 91. Therefore, the trial court's determination that T.G.'s mother was the proper outcry witness was not an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072.

Furthermore, improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *See Estrada v. State*, No. AP-75,634, 2010 Tex. Crim. App. LEXIS 722, at *71 n.29 (Tex. Crim. App. June 16, 2010). At trial, T.G. testified without objection that Appellant took her pants and underwear off and touched her in the "wrong spot" with his hands, consistent with the indictment and her mother's testimony. The child also testified that initially her mother did not believe her, so she "kept on telling her" about the assault. Thus, even if T.G.'s mother's testimony was inadmissible hearsay, any error in

4

admitting it was harmless in light of the proper admission of very similar evidence. *See id*. We overrule Appellant's first issue.

**ADMISSION OF LETTER AND BOOK-IN PHOTOGRAPH**

In his second issue, Appellant contends the trial court abused its discretion by admitting a letter written by inmate Eric Warren and Appellant's book-in photograph. Citing Rule of Evidence 403, he argues that these two exhibits are more prejudicial than probative and are merely cumulative of other evidence. He further argues that admission of these exhibits was harmful because they left the impression that he was a criminal who could not be trusted and whose incarceration was necessary.

## Applicable Law

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Relevant evidence is generally admissible, while irrelevant evidence is inadmissible. TEX. R. EVID. 402. However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

The appellate court reviews the trial court's ruling on a Rule 403 objection under an abuse of discretion standard. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). An appellate court is not to reverse a trial court where its ruling was within the zone of reasonable disagreement. *Id*. at 440. The "test for whether the trial court abused its discretion is whether the action was arbitrary or unreasonable." *Id*. at 439. A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Id*. at 440.

## Discussion

Appellant objected to admission of the letter outside the presence of the jury. But when the letter was offered into evidence at trial, defense counsel said "no objection," thereby waiving any alleged error in admission of that evidence. *Moody v. State*, 827 S.W.2d 875, 889 (Tex.

5

Crim. App. 1992). Further, Warren testified extensively about how he and Appellant had drafted the letter in jail, again without objection. When the same evidence comes in elsewhere without objection, any complaint is waived. *See Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998). Moreover, "[a]ttempts by a party to suppress or fabricate evidence are admissible against the accused." *Johnson v. State*, 583 S.W.2d 399, 409 (Tex. Crim. App. 1979); *Garza v. State*, 172 Tex. Crim. 468, 470, 358 S.W.2d 622, 623 (Tex. Crim. App. 1962) ("The efforts of an accused to induce a witness to testify falsely may be shown as indicating a consciousness of guilt."). Thus, the evidence showing Appellant fabricated evidence in the form of untruthful allegations against T.G.'s mother is probative, and Appellant has not shown that this evidence had the potential to impress the jury in an irrational way.

A book-in photograph may be prejudicial in some situations, but there is nothing about the complained of photo that indicates it is a book-in photo. The photo shows a frontal view of Appellant's face with no information identifying it as a jail photograph. Again, Appellant has not shown that this evidence had the potential to impress the jury in an irrational way. The photo is admissible. *See Huerta v. State*, 390 S.W.2d 770, 772 (Tex. Crim. App. 1965).

Further, Appellant's argument that he was harmed by the photograph of him in street clothes because the jury was somehow able to discern that he was in jail is greatly undermined by Eric Warren's extensive testimony about his interactions with Appellant while in jail, which testimony was admitted without objection. In that testimony, Warren explains that he and Appellant were cell mates, and that Appellant was in jail awaiting trial at that time. This testimony renders any improper supposition by the jury about the photo harmless. *See Estrada*, 2010 Tex. Crim. App. LEXIS 722, at *70 n.29. Appellant's second issue is overruled.

<u>**DISPOSITION**</u>

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.

<u>**SAM GRIFFITH**</u>
Justice

6

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)