NO.
12-09-00145-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JEFFERY
BRUCE SEEGER,                          '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Jeffery
Bruce Seeger appeals his conviction for indecency with a child, a second degree
felony.  Appellant was tried by a jury, which found him guilty as charged,
found the two enhancement paragraphs to be true, and sentenced him to
imprisonment for ninety-nine years.  In two issues, Appellant contends that the
trial court erred in permitting an improper “outcry witness” to testify and in
admitting two exhibits.  We affirm.

 

Background

Appellant
was charged with indecency with a child, his ten year old stepdaughter, T.G. 
After a pretrial hearing, the court found that the child’s mother was the
appropriate outcry witness.   

At
trial, T.G. testified about Appellant touching her and T.G.’s mother testified
that T.G. told her what Appellant had done.  Officer Toska Graham, a forensic
interviewer at the Children’s Advocacy Center, testified about her interview
with T.G.  An inmate, Eric Warren, testified about meeting Appellant in the
Smith County Jail and explained that Appellant asked him to help Appellant by
making a false accusation against T.G.’s mother to discredit her and T.G. 
Together, in the day room of the jail, the two inmates drafted a three page
letter.  Appellant dictated and Warren wrote down what Appellant told him to
write.  Warren accused T.G.’s mother of fabricating the allegation of sexual
impropriety against Appellant and of trying to do the same against Warren. 
Warren signed simply as “Eric.” Appellant mailed the letter to himself and then
turned it over to his attorney as “evidence” that T.G.’s mother had lied and
previously concocted false stories against men regarding sexual abuse of T.G.  

The
jury found Appellant guilty of indecency with a child and sentenced him to
ninety-nine years in prison. 

 

Hearsay
Testimony From Outcry Witness

Appellant
contends the trial court erred in permitting T.G.’s mother to testify as an
outcry witness, and as a result, her testimony was improper hearsay.  He argues
that her testimony was not sufficiently detailed as required by the Texas Code
of Criminal Procedure.  

Applicable
Law

Hearsay
is not admissible except as provided by statute or the rules of evidence.  Long
v. State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990).  Article 38.072
allows for the admission of otherwise inadmissible hearsay known as outcry
statements, out of court statements of child abuse victims detailing the
alleged abuse, where the proper conditions are met.  Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2009). 
A child’s statements to the “first person, 18 years of age or older, other than
the defendant, to whom the child . . . made a statement about the offense” are
admissible in a trial against the defendant, if the defendant is given notice,
the trial court conducts a hearing to determine the reliability of the
statement based “on the time, content, and circumstances of the statement,” and
the child testified or is available to testify.  Id. art. 38.072, § 2.  To qualify as
an outcry statement under Article 38.072, the child must have described the
alleged offense in some discernible way, that being “more than words which give
a general allusion that something in the area of child abuse is going on.”  Garcia
v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).  The outcry
witness’s testimony is admissible, not to establish the truth of the statements
made by the child victim, but to show that an outcry was made and the basic
nature of the complaint.  Smith v. State, 40 S.W.3d 147, 150
(Tex. App.–Texarkana 2001, no pet.).  The trial court’s determination of the
appropriate outcry witness is reviewed under an abuse of discretion standard.  Garcia,
792 S.W.2d at 92.  An abuse of discretion standard means “an appellate court
should not reverse a trial judge whose ruling was within the zone of reasonable
disagreement.”  Montgomery v. State, 810 S.W.2d 372, 291 (Tex.
Crim. App. 1990) (op. on reh’g).  

Discussion

There
were two potential outcry witnesses, T.G.’s mother to whom the child first made
the allegations, and Officer Graham, a forensic interviewer at the Children’s
Advocacy Center, to whom the child subsequently gave a more extensive
interview.  Early in the preparation for the trial, the State designated Officer
Graham as the outcry witness pursuant to Article 38.072 of the Texas Code of
Criminal Procedure.  At that earlier stage in pretrial preparations, Appellant
filed a written motion objecting to both T.G.’s mother and Officer Graham being
the outcry witness.  Just before trial, at the hearing to determine who would
be the outcry witness, the State changed its designation and proffered the
mother as the outcry witness.  Appellant opposed the change, contending that
what the child told her mother was less specific than what she told Graham, and
the greater detail given to Graham qualified her as the proper outcry
witness.   

At
the pretrial hearing, T.G.’s mother testified that T.G. told her that Appellant
had “messed with her.”  Later, T.G. told her that Appellant had “touched her
down there; and she pointed to her private area.”  During the interview by
Graham, T.G. said Appellant “messed with” her by touching her with his hands on
the “wrong spot.”  She circled a place on a picture of a girl corresponding to
the place he touched her.  She also explained that he removed her pants and
panties and touched her on the outside of her body.  She said this happened in
her mother’s bedroom while her mother was gone.  After much discussion, the
court designated T.G.’s mother as the outcry witness.

T.G.’s
account of the event, as reported to her mother, was more than a general
allusion that something in the area of child abuse happened.  See Garcia,
792 S.W.2d at 91.  The indictment alleged that Appellant committed indecency
with a child by “touching the genitals” of the child victim.  See Tex. Penal Code Ann. § 21.11 (Vernon
Supp. 2009).  Thus, it is clear that T.G. described the offense to her mother. 
See Garcia, 792 S.W.2d at 91; Ramirez v. State, 967
S.W.2d 919, 922 (Tex. App.–Beaumont 1998, no pet.) (mother held to be outcry
witness where child told her mother that appellant “was touching her in places
that he shouldn’t” and “was messing with her” by trying to touch her “top.”). 
Though T.G.’s statements to her mother were not lengthy or detailed, they
contained sufficient information about the nature of the act and the
perpetrator to satisfy the requirements of Article 38.072.  

Appellant
argues that T.G.’s mother’s testimony is not sufficiently detailed to qualify as
the outcry envisioned by Article 38.072 because her testimony does not satisfy
the “‘how, where, when,’ test for specificity and detail under article
38.072.”  He relies on Hanson v. State, 180 S.W.3d 726 (Tex. App.–Waco
2005, no pet.) and Garcia v. State, 792 S.W.2d 88 (Tex. Crim.
App. 1990).  We determine that we are not required to apply such a test.

The
court of criminal appeals in Garcia never mentioned a “how,
where, when” test.  Neither have we found any court of criminal appeals case
applying such a test.  Hanson states unequivocally that “[t]he
proper outcry witness is the adult to whom the complainant first tells ‘how,
when, and where’ he was assaulted.”  Hanson, 180 S.W.3d at 730. 
In Hanson, the Waco court of appeals cited Sims v. State,
12 S.W.3d 499 (Tex. App.–Dallas 1999, pet. ref’d) and Reed v. State,
974 S.W.2d 838 (Tex. App.–San Antonio 1998, pet. ref’d) as support for that
statement.  In Sims and Reed, the reviewing courts
held that a trial court does not abuse its discretion in designating as an
outcry witness a person to whom a child told how, when, and where the offense
occurred.  Sims, 12 S.W.3d at 500; Reed, 974 S.W.2d
at 842.  If a child tells someone “how, when, and where” an offense occurred,
this is sufficient to be a proper outcry statement.  However, there is no
suggestion in either of these cases that the details of “how, when, and where”
are necessary to constitute a proper outcry statement.  See Brown
v. State, 189 S.W.3d 382, 385 (Tex. App.–Texarkana 2006, pet. ref’d). 
Like the Texarkana court in Brown, we decline to imply such a
requirement and rely instead on the rule as stated in Garcia. 
Additionally, the proper outcry witness is not to be determined by comparing
the statements the child gave to different individuals and then deciding which
person received the most detailed statement about the offense.  Brown,
189 S.W.3d at 386.  T.G.’s statement to her mother described the alleged
offense in a discernible manner and was more than a general allusion to sexual
abuse.  See Garcia, 792 S.W.2d at 91.  Therefore, the trial
court’s determination that T.G.’s mother was the proper outcry witness was not
an abuse of discretion.  See Tex.
Code Crim. Proc. Ann. art. 38.072. 

Furthermore,
improper admission of evidence is not reversible error if the same or similar
evidence is admitted without objection at another point in the trial.  See Estrada
v. State, No. AP-75,634, 2010 Tex. Crim. App. LEXIS 722, at *71 n.29
(Tex. Crim. App. June 16, 2010).  At trial, T.G. testified without objection
that Appellant took her pants and underwear off and touched her in the “wrong
spot” with his hands, consistent with the indictment and her mother’s
testimony. The child also testified that initially her mother did not believe
her, so she “kept on telling her” about the assault.  Thus, even if T.G.’s mother’s
testimony was inadmissible hearsay, any error in admitting it was harmless in
light of the proper admission of very similar evidence.  See id. 
We overrule Appellant’s first issue.

 

Admission
of Letter and Book-In Photograph

            In
his second issue, Appellant contends the trial court abused its discretion by
admitting a letter written by inmate Eric Warren and Appellant’s book-in
photograph.  Citing Rule of Evidence 403, he argues that these two exhibits are
more prejudicial than probative and are merely cumulative of other evidence. 
He further argues that admission of these exhibits was harmful because they
left the impression that he was a criminal who could not be trusted and whose
incarceration was necessary.  

Applicable
Law

            Relevant
evidence is defined as “evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.” Tex. R. Evid. 401.  Relevant evidence
is generally admissible, while irrelevant evidence is inadmissible. Tex. R. Evid. 402.  However, relevant
evidence may be excluded “if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.” Tex. R. Evid. 403.

            The
appellate court reviews the trial court’s ruling on a Rule 403 objection under
an abuse of discretion standard.  State v. Mechler, 153 S.W.3d
435, 439 (Tex. Crim. App. 2005).  An appellate court is not to reverse a trial
court where its ruling was within the zone of reasonable disagreement.  Id.
at 440.  The “test for whether the trial court abused its discretion is whether
the action was arbitrary or unreasonable.”  Id. at 439.  A proper
Rule 403 analysis includes, but is not limited to, four factors: (1) the
probative value of the evidence, (2) the potential to impress the jury in some
irrational yet indelible way, (3) the time needed to develop the evidence, and
(4) the proponent’s need for the evidence.  Id. at 440.

 

Discussion

Appellant
objected to admission of the letter outside the presence of the jury.  But when
the letter was offered into evidence at trial, defense counsel said “no
objection,” thereby waiving any alleged error in admission of that evidence.  Moody
v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).  Further, Warren
testified extensively about how he and Appellant had drafted the letter in
jail, again without objection.  When the same evidence comes in elsewhere
without objection, any complaint is waived.  See Leday v. State,
983 S.W.2d 713, 717 (Tex. Crim. App. 1998).  Moreover, “[a]ttempts by a party
to suppress or fabricate evidence are admissible against the accused.”  Johnson
v. State, 583 S.W.2d 399, 409 (Tex. Crim. App. 1979); Garza v.
State, 172 Tex. Crim. 468, 470, 358 S.W.2d 622, 623 (Tex. Crim. App.
1962) (“The efforts of an accused to induce a witness to testify falsely may be
shown as indicating a consciousness of guilt.”).  Thus, the evidence showing
Appellant fabricated evidence in the form of untruthful allegations against T.G.’s
mother is probative, and Appellant has not shown that this evidence had the
potential to impress the jury in an irrational way.

            A
book-in photograph may be prejudicial in some situations, but there is nothing
about the complained of photo that indicates it is a book-in photo.  The photo
shows a frontal view of Appellant’s face with no information identifying it as
a jail photograph.  Again, Appellant has not shown that this evidence had the
potential to impress the jury in an irrational way.  The photo is admissible.  See
Huerta v. State, 390 S.W.2d 770, 772 (Tex. Crim. App. 1965).    

Further,
Appellant’s argument that he was harmed by the photograph of him in street
clothes because the jury was somehow able to discern that he was in jail is
greatly undermined by Eric Warren’s extensive testimony about his interactions
with Appellant while in jail, which testimony was admitted without objection. 
In that testimony, Warren explains that he and Appellant were cell mates, and
that Appellant was in jail awaiting trial at that time.  This testimony renders
any improper supposition by the jury about the photo harmless.  See Estrada,
2010 Tex. Crim. App. LEXIS 722, at *70 n.29.  Appellant’s second issue is
overruled.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the trial court’s
judgment.

 

 

                                                                                                Sam Griffith

                                                                                                    
Justice

 

 

 

 

Opinion delivered July 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)